# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

KEVIN JESSE SCRIVENER,

       Plaintiff,

v.

TRANS UNION LLC, et al.,

       Defendants.

Case No. 5:23-cv-06123-SRB

## DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant LexisNexis Risk Solutions Inc. ("LexisNexis Risk"), a Georgia corporation, by and through its counsel, answers the Complaint filed by Plaintiff Kevin Jesse Scrivener ("Plaintiff") as follows:

## COMPLAINT

LexisNexis Risk admits the allegation in the preliminary paragraph of the Complaint that Plaintiff purports to bring this Complaint against LexisNexis Risk and Trans Union LLC ("TransUnion") for violations of the Fair Credit Reporting Act ("FCRA"). LexisNexis Risk denies that it violated the FCRA. Except as expressly admitted above, LexisNexis Risk denies the allegations in this paragraph of the Complaint.

## INTRODUCTION

1.      LexisNexis Risk denies the allegations in Paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

2.      LexisNexis Risk denies the allegations in Paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

3.     LexisNexis Risk denies the allegations in Paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

4.     LexisNexis Risk denies the allegations in Paragraph 4 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

5.     LexisNexis Risk admits the allegation in Paragraph 5 that consumer reporting agencies sell consumer reports about individuals who are applying for credit or insurance to be used primarily for personal, family, or household purposes to their customers.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 5.

6.     LexisNexis Risk admits the allegation in Paragraph 6 that the FCRA contains procedural requirements.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 6.

7.     LexisNexis Risk admits that the quoted text appears in *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *1 (E.D. Va. Mar. 18, 2011).  Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 5.

8.     LexisNexis Risk admits that the quoted text appears in 15 U.S.C. § 1681(a)(1-4). Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 8.

9.     LexisNexis Risk admits that the quoted text appears in *Cushman v. Trans Union*, 115 F.3d 220, 225 (3d Cir. 1997).  Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 9.

10.     LexisNexis Risk admits that the quoted text appears in *Bryant v. TRW, Inc*., 689 F.2d 72, 79 (6th Cir. 1982).  LexisNexis Risk denies that Plaintiff accurately quoted the text, as he omitted the following text before the word Shakespeare: "The loss of a credit card can, of course,

be expensive, but as…".   Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 10.

11.     LexisNexis Risk admits the allegation in Paragraph 11 that the FCRA contains procedural requirements.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 11.

12.     LexisNexis Risk admits the allegation in Paragraph 12 that the FCRA contains procedural requirements.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 12.

13.     LexisNexis Risk admits that the quoted text appears in 15 U.S.C. § 1681(a)(4), except that there should be an "a" before the word respect.   Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 13.

14.     LexisNexis Risk admits the allegation in Paragraph 14 that the FCRA contains procedural requirements.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 14.

15.     LexisNexis Risk admits the allegation in Paragraph 15 that Plaintiff purports to bring claims against LexisNexis Risk and TransUnion for violations of 15 U.S.C. § 1681e(b). LexisNexis Risk denies that it violated the FCRA.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 15.

16.     LexisNexis Risk admits the allegation in Paragraph 16 that Plaintiff purports to seek damages, costs, and attorneys' fees for LexisNexis Risk and TransUnion's alleged violations of the FCRA.  LexisNexis Risk denies that it violated the FCRA.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 16.

## PARTIES

17.     LexisNexis Risk denies the allegations in Paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

18.     LexisNexis Risk denies the allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

19.     LexisNexis Risk admits the allegations in Paragraph 19.

20.     LexisNexis Risk admits the allegation in Paragraph 20 that it sometimes acts as a consumer agency as defined by 15 U.S.C. § 1681a(f).  LexisNexis Risk denies the remaining allegations as to LexisNexis Risk.  LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

21.     LexisNexis Risk admits the allegation in Paragraph 21 that it sometimes acts as a reseller as defined by 15 U.S.C. § 1681a(u).  LexisNexis Risk denies the remaining allegations in Paragraph 21.

## JURISDICTION & VENUE

22.     LexisNexis Risk admits the allegation in Paragraph 22 that subject matter jurisdiction is proper.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

23.     LexisNexis Risk denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## FACTS
### Summary of the Fair Credit Reporting Act

24.     LexisNexis Risk denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

25.     LexisNexis Risk admits that the quoted text appears in 15 U.S.C. § 1681(a), except that the word "ensure" should be spelled "insure."  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

26.     LexisNexis Risk admits the allegation in Paragraph 26 that the FCRA contains procedural requirements.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

27.     LexisNexis Risk admits the allegation in Paragraph 27 that the FCRA contains procedural requirements.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 27.

28.     LexisNexis Risk admits the allegations in Paragraph 28.

## The "Mixed File" Problem

29.     LexisNexis Risk denies the allegations in Paragraph 29 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

30.     LexisNexis Risk denies the allegations in Paragraph 30.

31.     LexisNexis Risk admits that the quoted text appears in *F.T.C. v. TRW, Inc*., 784 F. Supp. 361, 362 (N.D. Tex. 1991).  LexisNexis Risk denies that this quote was intended to reflect the Federal Trade Commission's definition of a mixed credit file.  Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in Paragraph 31.

32.     LexisNexis Risk denies the allegations in Paragraph 32.

33.     LexisNexis Risk denies the allegations in Paragraph 33 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

34. LexisNexis Risk denies the allegations in Paragraph 34.

**The "Mixed File" Problem is Known to Defendant Trans Union**

35. LexisNexis Risk denies the allegations in Paragraph 35 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

36. LexisNexis Risk denies the allegations in Paragraph 36 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

37. LexisNexis Risk denies the allegations in Paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

38. LexisNexis Risk denies the allegations in Paragraph 38 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

39. LexisNexis Risk denies the allegations in Paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

40. LexisNexis Risk denies the allegations in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

41. LexisNexis Risk denies the allegations in Paragraph 41 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

42. LexisNexis Risk denies the allegations in Paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

43. LexisNexis Risk denies the allegations in Paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

44. LexisNexis Risk denies the allegations in Paragraph 44 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

45.     LexisNexis Risk denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

46.     LexisNexis Risk denies the allegations in Paragraph 46 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

47.     LexisNexis Risk denies the allegations in Paragraph 47 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

48.     LexisNexis Risk denies the allegations in Paragraph 48 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

49.     LexisNexis Risk denies the allegations in Paragraph 49 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

50.     LexisNexis Risk denies the allegations in Paragraph 50 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

51.     LexisNexis Risk denies the allegations in Paragraph 51 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

52.     LexisNexis Risk denies the allegations in Paragraph 52 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

53.     LexisNexis Risk denies the allegations in Paragraph 53 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

54.     LexisNexis Risk denies the allegations in Paragraph 54 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

55.     LexisNexis Risk denies the allegations in Paragraph 55 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

56. LexisNexis Risk admits that the quoted text appears in *Dalton v. CAI*, 257 F.3d 409, 418 (4th Cir. 2002) and *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 56.

57. LexisNexis Risk denies the allegations in Paragraph 57 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

58. LexisNexis Risk denies the allegations in Paragraph 58 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

59. LexisNexis Risk denies the allegations in Paragraph 59 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

### The "Mixed File" Problem is Known to Defendant LexisNexis

60. LexisNexis Risk denies the allegations in Paragraph 60.

61. LexisNexis Risk denies the allegations in Paragraph 61.

62. LexisNexis Risk denies the allegations in Paragraph 62.

63. LexisNexis Risk admits that the allegations in Paragraph 63 summarize some of the holdings of certain nonprecedential district court cases. Except as admitted, LexisNexis Risk denies the allegations of Paragraph 63.

64. LexisNexis Risk admits that the quoted text appears in Prepared Statement of Fed. Trade Commission on the Fair Credit Reporting Act Before the Senate Banking Committee on Banking, Housing, and Urban Affairs, 2003 FTC LEXIS 101, 14-15 (July 10, 1993), except that Plaintiff added a comma after "agencies" that is not in the original text. Except as expressly admitted above, LexisNexis Risk denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

65. LexisNexis Risk denies the allegations in Paragraph 65.

66. LexisNexis Risk denies the allegations in Paragraph 66.

67. LexisNexis Risk denies the allegations in Paragraph 67.

68. LexisNexis Risk denies the allegations in Paragraph 68.

69. LexisNexis Risk denies the allegations in Paragraph 69.

70. LexisNexis Risk denies the allegations in Paragraph 70.

71. LexisNexis Risk denies the allegations in Paragraph 71.

72. LexisNexis Risk denies the allegations in Paragraph 72 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

73. LexisNexis Risk denies the allegations in Paragraph 73 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Defendant Trans Union's Practices Concerning the Sale of Reports on the "Deceased"**

74. LexisNexis Risk denies the allegations in Paragraph 74 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

75. LexisNexis Risk denies the allegations in Paragraph 75 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

76. LexisNexis Risk denies the allegations in Paragraph 76 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

77. LexisNexis Risk denies the allegations in Paragraph 77 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

78. LexisNexis Risk denies the allegations in Paragraph 78 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

79.     LexisNexis Risk denies the allegations in Paragraph 79 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

80.     LexisNexis Risk denies the allegations in Paragraph 80 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

81.     LexisNexis Risk denies the allegations in Paragraph 81 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

82.     LexisNexis Risk denies the allegations in Paragraph 82 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

83.     LexisNexis Risk denies the allegations in Paragraph 83 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

84.     LexisNexis Risk denies the allegations in Paragraph 84 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

85.     LexisNexis Risk denies the allegations in Paragraph 85 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

86.     LexisNexis Risk denies the allegations in Paragraph 86 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

87.     LexisNexis Risk denies the allegations in Paragraph 87 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

88.     LexisNexis Risk denies the allegations in Paragraph 88 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

89.     LexisNexis Risk denies the allegations in Paragraph 89 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

90.     LexisNexis Risk denies the allegations in Paragraph 90 for lack of knowledge or

information sufficient to form a belief as to the truth of the matters alleged.

91.    LexisNexis Risk denies the allegations in Paragraph 91 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

92.    LexisNexis Risk denies the allegations in Paragraph 92 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

93.    LexisNexis Risk denies the allegations in Paragraph 93 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

94.    LexisNexis Risk denies the allegations in Paragraph 94 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

95.    LexisNexis Risk denies the allegations in Paragraph 95 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

96.    LexisNexis Risk denies the allegations in Paragraph 96 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

97.    LexisNexis Risk denies the allegations in Paragraph 97 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

98.    LexisNexis Risk denies the allegations in Paragraph 98 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

99.    LexisNexis Risk denies the allegations in Paragraph 99 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

100.    LexisNexis Risk denies the allegations in Paragraph 100 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

101.    LexisNexis Risk denies the allegations in Paragraph 101 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

102.     LexisNexis Risk denies the allegations in Paragraph 102 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

103.     LexisNexis Risk denies the allegations in Paragraph 103 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

104.     LexisNexis Risk denies the allegations in Paragraph 104 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

105.     LexisNexis Risk denies the allegations in Paragraph 105 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

106.     LexisNexis Risk denies the allegations in Paragraph 106 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

107.     LexisNexis Risk denies the allegations in Paragraph 107 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

108.     LexisNexis Risk denies the allegations in Paragraph 108 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

109.     LexisNexis Risk denies the allegations in Paragraph 109 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

110.     LexisNexis Risk denies the allegations in Paragraph 110 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

111.     LexisNexis Risk denies the allegations in Paragraph 111 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

112.     LexisNexis Risk denies the allegations in Paragraph 112 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Plaintiff Applies for a Sending and Receiving Limit Increase with Cash App in August 2022**

113. LexisNexis Risk denies the allegations in Paragraph 113 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

114. LexisNexis Risk denies the allegations in Paragraph 114 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

115. LexisNexis Risk denies the allegations in Paragraph 115 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

116. LexisNexis Risk denies the allegations in Paragraph 116.

**Cash App Denies Plaintiff's Application for Increasing his Spending and Receiving Limit in August 2022**

117. LexisNexis Risk denies the allegations in Paragraph 117 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

118. LexisNexis Risk denies the allegations in Paragraph 118.

119. LexisNexis Risk denies the allegations in Paragraph 119.

120. LexisNexis Risk denies the allegations in Paragraph 120.

121. LexisNexis Risk denies the allegations in Paragraph 121.

122. LexisNexis Risk denies the allegations in Paragraph 122.

123. LexisNexis Risk denies the allegations in Paragraph 123.

**Plaintiff Applies for a Sending and Receiving Limit Increase with Cash App in February 2023**

124. LexisNexis Risk denies the allegations in Paragraph 124 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

125. LexisNexis Risk denies the allegations in Paragraph 125 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

126.     LexisNexis Risk denies the allegations in Paragraph 126 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

127.     LexisNexis Risk denies the allegations in Paragraph 127.

**Cash App Denies Plaintiff's Application for Increasing his Spending and Receiving Limit In February 2023**

128.     LexisNexis Risk denies the allegations in Paragraph 128 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

129.     LexisNexis Risk denies the allegations in Paragraph 129.

130.     LexisNexis Risk denies the allegations in Paragraph 130.

131.     LexisNexis Risk denies the allegations in Paragraph 131.

132.     LexisNexis Risk denies the allegations in Paragraph 132.

133.     LexisNexis Risk denies the allegations in Paragraph 133.

134.     LexisNexis Risk denies the allegations in Paragraph 134.

**Plaintiff Applies for a Sending and Receiving Limit Increase with Cash App in March 2023**

135.     LexisNexis Risk denies the allegations in Paragraph 135 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

136.     LexisNexis Risk denies the allegations in Paragraph 136 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

137.     LexisNexis Risk denies the allegations in Paragraph 137.

**Cash App Denies Plaintiff's Application for Increasing his Sending and Receiving Limit In March 2023**

138.     LexisNexis Risk denies the allegations in Paragraph 138 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

139.     LexisNexis Risk denies the allegations in Paragraph 139.

140.     LexisNexis Risk denies the allegations in Paragraph 140.

141.     LexisNexis Risk denies the allegations in Paragraph 141.

142.     LexisNexis Risk denies the allegations in Paragraph 142.

143.     LexisNexis Risk denies the allegations in Paragraph 143.

144.     LexisNexis Risk denies the allegations in Paragraph 144.

**Plaintiff Applies for a Credit Card with Capital One in April 2023**

145.     LexisNexis Risk denies the allegations in Paragraph 145 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

146.     LexisNexis Risk denies the allegations in Paragraph 145 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

147.     LexisNexis Risk admits that it provided to Capital One a RiskView report regarding Plaintiff on April 22, 2023.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 147 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

148.     LexisNexis Risk admits the allegation in Paragraph 148 that on April 22, 2023, LexisNexis sold a RiskView report about Plaintiff to Capital One.  Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 148 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Capital One Denies Plaintiff's Application for a Credit Card in April 2023**

149.     LexisNexis Risk denies the allegations in Paragraph 149 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

150.     LexisNexis Risk denies the allegations in Paragraph 150 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

151.     LexisNexis Risk admits that as of April 2023, LexisNexis Risk associated records containing the names Kirk Scrivener and Kevin Scrivener with the same identity.  Except as admitted, LexisNexis Risk denies the allegations in Paragraph 151.

152.     LexisNexis Risk denies the allegations in Paragraph 152.

153.     LexisNexis Risk denies the allegations in Paragraph 153 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

154.     LexisNexis Risk denies the allegations in Paragraph 154 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

155.     LexisNexis Risk denies the allegations in Paragraph 155.

156.     LexisNexis Risk denies the allegations in Paragraph 156 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

157.     LexisNexis Risk denies the allegations in Paragraph 157.

158.     LexisNexis Risk denies the allegations in Paragraph 158 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Plaintiff Applies for Credit with SafeLink in 2023**

159.     LexisNexis Risk denies the allegations in Paragraph 159 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

160.     LexisNexis Risk denies the allegations in Paragraph 160 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

161.     LexisNexis Risk denies the allegations in Paragraph 161 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

162.     LexisNexis denies the allegations in Paragraph 162.

163.     LexisNexis Risk denies the allegations in Paragraph 163.

**SafeLink Denies Plaintiff's Credit Application in 2023**

164. LexisNexis Risk denies the allegations in Paragraph 164 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

165. LexisNexis Risk denies the allegations in Paragraph 165.

166. LexisNexis Risk denies the allegations in Paragraph 166.

167. LexisNexis Risk denies the allegations in Paragraph 167.

168. LexisNexis Risk denies the allegations in Paragraph 168.

169. LexisNexis Risk denies the allegations in Paragraph 169.

170. LexisNexis Risk denies the allegations in Paragraph 170.

**Plaintiff Confirms He is Not Reported as Deceased by the Social Security Administration**

171. LexisNexis Risk denies the allegations in Paragraph 171 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Plaintiff Applies for a Sending and Receiving Limit Increase with Cash App in May 2023**

172. LexisNexis Risk denies the allegations in Paragraph 172 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

173. LexisNexis Risk denies the allegations in Paragraph 173 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

174. LexisNexis Risk denies the allegations in Paragraph 174.

**Cash App Denies Plaintiff's Application for Increasing his Sending and Receiving Limit In May 2023**

175. LexisNexis Risk denies the allegations in Paragraph 175 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

176. LexisNexis Risk denies the allegations in Paragraph 176.

177.    LexisNexis Risk denies the allegations in Paragraph 177.

178.    LexisNexis Risk denies the allegations in Paragraph 178.

179.    LexisNexis Risk denies the allegations in Paragraph 179.

180.    LexisNexis Risk denies the allegations in Paragraph 180.

181.    LexisNexis Risk denies the allegations in Paragraph 181.

**Plaintiff Applies for a Credit Card with Capital One in May 2023**

182.    LexisNexis Risk denies the allegations in Paragraph 182 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

183.    LexisNexis Risk denies the allegations in Paragraph 183 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

184.    LexisNexis Risk admits that it provided to Capital One a RiskView report on Plaintiff on May 7, 2023.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 184 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

185.    LexisNexis Risk admits that it provided to Capital One a RiskView report on Plaintiff on May 7, 2023.   Except as expressly admitted above, LexisNexis Risk denies the allegations in Paragraph 185 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Capital One Denies Plaintiff's Application for a Credit Card in May 2023**

186.    LexisNexis Risk denies the allegations in Paragraph 186 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

187.    LexisNexis Risk denies the allegations in Paragraph 187 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

188.     LexisNexis Risk admits that as of May 2023, LexisNexis Risk associated records containing the names Kirk Scrivener and Kevin Scrivener with the same identity. Except as admitted, LexisNexis Risk denies the allegations in Paragraph 188.

189.     LexisNexis Risk denies the allegations in Paragraph 189.

190.     LexisNexis Risk denies the allegations in Paragraph 190 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

191.     LexisNexis Risk denies the allegations in Paragraph 191 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

192.     LexisNexis Risk denies the allegations in Paragraph 192.

193.     LexisNexis Risk denies the allegations in Paragraph 193 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

194.     LexisNexis Risk denies the allegations in Paragraph 194.

195.     LexisNexis Risk denies the allegations in Paragraph 195 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Plaintiff Applies to Open a Checking Account with Central National Bank in July 2023**

196.     LexisNexis Risk denies the allegations in Paragraph 196 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

197.     LexisNexis Risk denies the allegations in Paragraph 197 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

198.     LexisNexis Risk denies the allegations in Paragraph 198 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

199.     LexisNexis Risk denies the allegations in Paragraph 199.  Except as admitted, LexisNexis Risk denies the allegations of Paragraph 199.

200.     LexisNexis Risk denies the allegations in Paragraph 200 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

201.     LexisNexis denies the allegations in Paragraph 201.

202.     LexisNexis Risk denies the allegations in Paragraph 202 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**Central National Bank Denies Plaintiff's Application for a Checking Account in July 2023**

203.     LexisNexis Risk denies the allegations in Paragraph 203.

204.     LexisNexis Risk denies the allegations in Paragraph 204 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

205.     LexisNexis Risk admits that as of July 2023, LexisNexis Risk associated records containing the names Kirk Scrivener and Kevin Scrivener with the same identity.  Except as admitted, LexisNexis Risk denies the allegations in Paragraph in Paragraph 205.

206.     LexisNexis Risk denies the allegations in Paragraph 206.

207.     LexisNexis Risk denies the allegations in Paragraph 207 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

208.     LexisNexis Risk denies the allegations in Paragraph 208 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

209.     LexisNexis Risk denies the allegations in Paragraph 209.

210.     LexisNexis Risk denies the allegations in Paragraph 210 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

211.     LexisNexis Risk denies the allegations in Paragraph 211.

212.     LexisNexis Risk denies the allegations in Paragraph 212 for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

213.    LexisNexis Risk denies the allegations in Paragraph 213 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

214.    LexisNexis Risk denies the allegations in Paragraph 214 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

215.    LexisNexis Risk denies the allegations in Paragraph 215 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

216.    LexisNexis Risk denies the allegations in Paragraph 216 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

217.    LexisNexis Risk denies the allegations in Paragraph 217 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

218.    LexisNexis Risk denies the allegations in Paragraph 218 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

219.    LexisNexis Risk denies the allegations in Paragraph 219 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

220.    LexisNexis Risk denies the allegations in Paragraph 220 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information

sufficient to form a belief as to the truth of the matters alleged.

221.     LexisNexis Risk denies the allegations in Paragraph 221 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Claim for Relief Against Defendant LexisNexis and Defendant Trans Union)**

222.     LexisNexis Risk incorporates its responses and denials to Paragraphs 1 through 221 as if fully restated herein.

223.     LexisNexis Risk admits the allegation in Paragraph 223 that the FCRA contains procedural requirements.  Except as expressly admitted, LexisNexis Risk denies the allegations in Paragraph 223.

224.     LexisNexis Risk denies the allegations in Paragraph 224 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

225.     LexisNexis Risk denies the allegations in Paragraph 225 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

226.     LexisNexis Risk denies the allegations in Paragraph 226 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

227.     LexisNexis Risk denies the allegations in Paragraph 227 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information

sufficient to form a belief as to the truth of the matters alleged.

228.     LexisNexis Risk denies the allegations in Paragraph 228 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

229.     LexisNexis Risk denies the allegations in Paragraph 229 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

230.     LexisNexis Risk denies the allegations in Paragraph 230 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

231.     LexisNexis Risk denies the allegations in Paragraph 231 as to LexisNexis Risk. LexisNexis Risk denies the allegations as to TransUnion for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

## PRAYER FOR RELIEF

LexisNexis Risk asserts that Plaintiff is not entitled to any of the relief requested in the Prayer for Relief section of the Complaint.  To the extent that the Prayer for Relief section of the Complaint includes allegations requiring a response, LexisNexis Risk denies those allegations.

## DEMAND FOR JURY TRIAL

LexisNexis Risk admits that Plaintiff purports to demand a trial by jury.  LexisNexis Risk denies all remaining allegations in Plaintiff's Complaint to the extent not expressly admitted above, and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in Plaintiff's Complaint.

## LEXISNEXIS RISK'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LexisNexis Risk bears the burden of proof as to any of them, LexisNexis Risk asserts the following separate and individual affirmative defenses. LexisNexis Risk intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to recover under the FCRA.

## THIRD AFFIRMATIVE DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against LexisNexis Risk in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LexisNexis Risk is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LexisNexis Risk, and those third parties were the sole cause of any such damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## NINTH AFFIRMATIVE DEFENSE

LexisNexis Risk reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, LexisNexis Risk requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;

2. dismissing Plaintiff's complaint in its entirety;

3. dismissing this case with prejudice;

4. awarding LexisNexis Risk its costs and attorneys' fees incurred in this case; and

5. granting LexisNexis Risk all other remedies that the Court deems just and proper.

DATED: November 7, 2023.

Respectfully submitted,

**FOULSTON SIEFKIN, LLP**

By: */s/ Anthony F. Rupp*
    Anthony F. Rupp, MO #39081
    Cameron S. Bernard, MO #75336
    7500 College Boulevard, Suite 1400
    Overland Park, Kansas  66210
    T (913) 498-2100 | F (913) 498-2101
    trupp@foulston.com
    cbernard@foulston.com

    -and-

    James F. McCabe, *Pro Hac Vice*
    **ALSTON & BIRD LLP**
    560 Mission Street, Suite 2100
    San Francisco, California 94105
    jim.mccabe@alston.com

**ATTORNEYS FOR DEFENDANT**
**LEXISNEXIS RISK SOLUTIONS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 7, 2023, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send an email notification of such filing to all attorneys of record, and a true and correct copy was served via electronic mail upon:

Jenna Dakroub
CONSUMER ATTORNEYS
jdakroub@consumerattorneys.com

ATTORNEY FOR PLAINTIFF

Steven H. Schwartz
BROWN & JAMES, PC
sschwartz@bjpc.com

-and-

Camille R. Nicodemus, *Pro Hac Vice*
SCHUCKIT & ASSOCIATES, PC
cnicodemus@schuckitlaw.com

ATTORNEYS FOR DEFENDANT
TRANS UNION, LLC


*/s/ Anthony F. Rupp*
Anthony F. Rupp