IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KEVIN JESSE SCRIVENER,<br><br>        Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, and LEXIS NEXIS RISK SOLUTIONS, INC.,<br><br>        Defendants. | Case No.: 5:23-cv-06123-SRB<br><br>**JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26.1, and the Court's November 7, 2023, Order [Dkt. No. 21], the Parties to the above-captioned matter respectfully submit this Joint Proposed Discovery Plan and Scheduling Order. The parties conferred telephonically on December 27, 2023.

### 1. Initial Disclosures

The Parties have agreed to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by January 12, 2024.

### 2. Subjects on Which Discovery May Be Needed

The Parties agree that discovery may be conducted on all matters within the scope of Fed. R. Civ. P. 26(b)(1). The Parties agree that discovery shall not be conducted in phases. The Parties intend to conduct discovery using oral depositions, written interrogatories, requests for production of documents, and requests for admissions.

**Plaintiff:**

1. Plaintiff anticipates propounding Requests for Production of Documents, Requests for Admissions, and Interrogatories on each Defendant.

2. Plaintiff anticipates taking depositions of witnesses including, but not limited to, Defendants' corporate representatives, fact witnesses, third parties, and designated expert witnesses. Plaintiff reserves the right to take additional depositions as Plaintiff deems necessary. Dates for depositions have not been set at this time.

3. Additionally, Plaintiff intends to conduct discovery of the following:

    a. The circumstances surrounding the Defendants' collection, verification, furnishing, and reporting of the credit information at issue in this case in compliance with 15 U.S.C. § 1681e(b);

    b. The Defendants' maintenance, preparation, and publication of Plaintiff's alleged credit history and consumer reports, as applicable;

    c. The Defendants' communications with third parties concerning Plaintiff's alleged credit history;

    d. Defendants' policies regarding deceased reporting;

    e. Defendants' policies and procedures utilized to assure compliance with their respective duties conferred under the FCRA, as applicable;

    f. Defendants' policies and procedures governing all of the foregoing; and

    g. Third-party discovery necessary to establish causation and damages.

**Trans Union:** Trans Union does not concede that Plaintiff's proposed topics of discovery are relevant or within the scope of Rule 26 and reserves the right to object to the scope of discovery after reviewing Plaintiff's written requests. Trans Union anticipates conducting discovery on the

following topics: (a) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (b) Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by Trans Union or any action or inaction of Trans Union; (d) Plaintiff's financial and consumer history; (e) any communications between Plaintiff and Trans Union; (f) any communications between Plaintiff and any other party; (g) Plaintiff's failure to mitigate his alleged damages; (h) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (i) any discovery necessitated by pleadings and other discovery.

**LexisNexis:**

Based on what is presently known, LexisNexis Risk anticipates conducting written discovery and fact depositions. LexisNexis Risk anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint; Plaintiff's alleged disputes with LexisNexis Risk and with Trans Union; communications between Plaintiff and Trans Union; communications between Plaintiff and Cash App; communications between Plaintiff and Capital One; communications between Plaintiff and SafeLink; communications between Plaintiff and the Social Security Administration; communications between Plaintiff and Central National Bank; the facts and circumstances surrounding Plaintiff's alleged damages; causation relating to Plaintiff's alleged damages; the facts and circumstances surrounding Plaintiff's alleged adverse action, and any other issues raised by pleadings or discovery.

3. **Discoverable Electronically Stored Information ("ESI")**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant

and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.  Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.  If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist.  If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and

proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

4.      **Electronic Service**

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree to promptly (no later than the second business day

- 5 -

Case 5:23-cv-06123-SRB    Document 31    Filed 01/10/24    Page 5 of 8

after the day of service) provide the sending party with confirmation of receipt of the service by email.

| PARTY: | E-MAIL SERVICE ADDRESSES: |
|---|---|
| Plaintiff | jdakroub@consumerattorneys.com<br>bfrohman@consumerattorneys.com<br>alamsal@consumerattorneys.com |
| Defendant Trans Union, LLC | cnicodemus@qslwm.com<br>paralegals-indianapolis@qslwm.com |
| Defendant LexisNexis Risk Solutions Inc. | trupp@foulston.com<br>cbernard@foulston.com<br>jim.mccabe@alston.com<br>meghan.mcberry@alston.com |

5. **Changes in Discovery Limitations**

The Parties agree to abide by the Federal Rules of Civil Procedure in regard to discovery.

6. **Privilege and Protection**

**Plaintiff and Defendant LexisNexis propose the following:**

Counsel agrees that no party seeks attorney-client privileged or work product information, defined for Plaintiff, to include all information created on or after the date that Plaintiff contacted counsel in this case, and for Defendants in the case, to include all information created on or after Defendant was served in the case.

**Defendant Trans Union's position:**

Trans Union objects to any kind of time limitation on attorney-client communications as Trans Union has and does communicate with outside counsel regularly, who represents it nationally, and does not believe that the attorney-client privilege expires or is limited in time to any particular event or events.

7. **Protective Order**

The Parties anticipate submitting a stipulated protective order for the Court's approval on or before **January 31, 2024**.

**8. Proposed Scheduling Order**

    a)    Filing Motions to Add Parties or Amend the Pleadings: March 28, 2024

    b)    Fact discovery: June 21, 2024

    c)    Expert disclosures: May 13, 2024

    d)    Expert rebuttal reports: June 10, 2024

    e)    Expert Depositions: June 24, 2024

    f)    Filing of Dispositive Motions: October 4, 2024

    g)    Filing of Daubert Motions: October 4, 2024

    h)    Final Pre-Trial Conference: March 2025.

    i)    Jury Trial: April 2025. Trial is estimated to be 5-7 days.

The parties request the Court allow 180 days from the date of the 26(f) conference to complete discovery rather than date of service upon last defendant in order to fully and completely try this case.

RESPECTFULLY SUBMITED,

DATED: January 10, 2024.

By: */s/ Jenna Dakroub*
Jenna Dakroub, MO #73255
**CONSUMER ATTORNEYS**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (602) 807-1525
F: (718) 715-1750
E: jdakroub@consumerattorneys.com

*Attorney for Plaintiff*
*Kevin Jesse Scrivener*

DATED: January 10, 2024.

By: */s/ James F. McCabe*
Anthony F. Rupp, MO #39081
Cameron S. Bernard, MO #75336
7500 College Boulevard, Suite 1400
Overland Park, Kansas 66210
T (913) 498-2100 | F (913) 498-2101
E: trupp@foulston.com
E: cbernard@foulston.com

James F. McCabe, *Pro Hac Vice*
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, California 94105
E: jim.mccabe@alston.com

*Attorneys for Defendant*
*LexisNexis Risk Solutions, Inc.*

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus
Quilling, Selander, Lownds,
 Winslett & Moser, P.C.
10333 N. Meridian Street, Suite 200
Indianapolis, IN 46290
(317) 497-5600, x. 601
cnicodemus@qslwm.com

*Counsel for Defendant Trans Union, LLC*